UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal. No. 16-284 (JRT/LIB) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| v. | |
| BRIAN ARTHUR BARTHMAN, | |
| Defendant. | |

Katharine T. Buzicky, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

David J. Malban, **MALBAN LAW OFFICE**, 302 West Superior Street, 505 Lonsdale Building, Duluth, MN  55802, for defendant.

Defendant Brian Arthur Barthman is charged with Possession of Child Pornography Involving a Prepubescent Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).  Prior to charging, investigators obtained a warrant to search Barthman's residence and vehicles, and they seized a number of electronic devices which were subjected to a forensic examination.  Barthman moved to suppress the resulting evidence, arguing that (1) the search warrant did not sufficiently articulate the place to be searched and the items to be seized; (2) the state court judge issued the warrant without a sufficient showing of probable cause; and (3) even if the search of the vehicles and premises was otherwise proper, investigators were required to obtain another search warrant before undertaking the forensic examination of the seized electronic devices.  United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") on

January 17, 2017, recommending denial of Barthman's motion to suppress. Barthman now objects to the R&R, arguing that (1) the search warrant did not sufficiently allege "that contraband or evidence of a crime would be found in a particular place" and (2) an apparent drafting error in a later search warrant calls into question the validity of the operative search warrant and the actions taken in reliance on that warrant, including the search, seizure of electronic devices, and forensic examination of those devices.

The Court finds that the operative warrant, issued December 23, 2015, was valid because there was probable cause and the warrant sufficiently described the places to be searched and the items to be seized. The warrant authorized the search, seizure, and forensic examination that took place, and even if the warrant was invalid, investigators' good-faith reliance on the warrant was objectively reasonable. The Court will overrule Barthman's objections and adopt the R&R in full.

## BACKGROUND

I.  **SEARCH WARRANT, SEARCH, AND SEIZURE OF EVIDENCE**[1]

On December 23, 2015, Hermantown Police Resource Officer Lisa Perich applied for a search warrant (the "Second Warrant")[2] to search Barthman's home and vehicles.

---

[1] The United States introduced a number of exhibits during a hearing before the Magistrate Judge, including the Second Warrant and the supporting application and affidavit (together referred to as "Ex. 1"), the warrant and supporting application and affidavit for the first warrant, obtained December 21, 2015 (together referred to as "Ex. 2"), the warrant and supporting application and affidavit for the warrant obtained December 29, 2015 (the "Third Warrant") (together referred to as "Ex. 3"), and the Receipt, Inventory and Return relative to the Second Warrant (referred to as "Ex. 4").

[2] This was the second search warrant investigators obtained in this case. The first, dated December 21, 2015, was identical to in all respects to the second, except that the Second Warrant

(Footnote continued on next page.)

(R&R at 2, 5, Jan. 17, 2017, Docket No. 32; Ex. 1.)  Officer Perich attached an affidavit describing the basis for the search.  The affidavit contained statements from Barthman's two minor daughters, C.B. (age twelve) and A.B. (age six), made in the course of C.B.'s discussions with a school counselor, a social worker, and a school principal on December 17 and 18, 2015.  The affidavit also contained statements the girls made during forensic interviews conducted by the First Witness Child Advocacy Center on December 18, 2015 and December 21, 2015.  (Ex. 1 ¶¶ 5-20.)

The affidavit stated that C.B. told interviewers that Barthman touched her chest and vaginal area, that sometimes he "la[id] on her and she [didn't] like it," he "pushed [her] on the bed and started to hurt [her], he "badly massag[ed]" her chest while she sat on his lap, he "put[] his penis in her vagina and also that he licked her vagina," he "put his penis on her butt," he forced her touch his penis with her hand, and he showed her pornographic images on his phone.  (*Id.* ¶¶ 7-8, 10-16.)  C.B. stated that she did not feel safe at home and did not want to return.  (*Id.* ¶ 17.)  The affidavit stated that A.B. told interviewers that one of Barthman's house rules was that he did not allow the children to touch his computer, that Barthman had shown her pictures or videos of people without their clothes on, and that "[her] family" had taken a picture or video of her without her clothes on.  (*Id.* ¶¶ 18-20.)

_____
(Footnote continued.)

authorized searching Barthman's vehicles in addition to his residence.  (R&R at 5 n.6, Jan. 17, 2017, Docket No. 32; *see* Tr. of Hr'g on Dec. 7, 2016 at 21-22 ("Hr'g Tr."), Dec. 20, 2016, Docket No. 28 (explaining why Officer Perich sought the Second Warrant).)

In the application, Officer Perich sought evidence related to "criminal sexual conduct and communications of sexually explicit materials to children." (*Id.* ¶ 25.) In her affidavit, Officer Perich stated that people involved in pornography often view and store pornographic images on their computers and "it is also common for people that are sexually attracted to children to collect nude, sexually suggestive, and sexually explicit material featuring children." (*Id.* ¶ 21.) She also attested that it is common for such individuals to maintain records, including photographs or videos, of sexual encounters with children, to store such records on their cell phones, and to store, transport and charge their cell phones or other electronic devices in their vehicle. (*Id.* ¶ 21.) Officer Perich's affidavit described in detail the forensic examination process that would be necessary to properly retrieve and analyze data stored on any seized electronic devices. (*Id.* ¶¶ 22-25.) The application requested permission "to conduct a search of any collected phones, computers, and such devices for the purpose of locating crimes associated to criminal sexual conduct and communications of sexually explicit materials to children." (*Id.* ¶ 25.)

District Court Judge Dale Harris for the State of Minnesota, Sixth Judicial District, granted Officer Perich's application, signing the Second Warrant on December 23, 2015. (*Id.* at 5.) The Second Warrant authorized a search for "[a]ny and all types of computer systems," computer disks, "[p]ornography in any form or medium," "[a]ny and all materials and photographs depicting sexual conduct, nude individuals, and minors," "[a]ny device capable of recording images," "[i]ndicia of occupancy," "[p]aperwork showing membership or subscriptions to internet sites," and "[d]ata contained on either

hard drives or removable media," including deleted files as well as email files or chat room information showing contact with minors.  (*Id.*)

Officers executed the Second Warrant on the afternoon of December 23, 2015. (Ex. 4.)  They seized a number of electronic devices, including tablets, cell phones, cameras, video tapes, laptop and desktop computers, thumb drives, CDRs, and an external storage drive. (*Id.*)

On December 29, 2015, Officer Perich's colleagues obtained another warrant (the "Third Warrant").[3]  (Ex. 3.)  The affidavit supporting the application for the Third Warrant listed the many devices seized during the search of Barthman's residence and vehicles and requested permission to conduct a forensic examination of those devices for evidence of "criminal sexual conduct, solicitation of a child and the possessions [sic], distribution or production of child pornography."  (Ex. 3 ¶ 29.)  While the application materials for the Third Warrant focused on the forensic search, the text of the warrant that the state court judge actually signed, apparently by some mistake, contained language authorizing another search of Barthman's home and vehicles, rather than merely a forensic search of Barthman's seized devices.  (*See id.* at 7-8.)  However, Officer Perich testified that she believed the Second Warrant authorized a forensic search of the devices, and therefore the Third Warrant was unnecessary. (Tr. of Hr'g on Dec. 7, 2016 ("Hr'g Tr.") at 40-41, 43, Dec. 20, 2016, Docket No. 28.)

---

[3] Officer Perich testified that she was not involved in drafting the application for the Third Warrant. (Hr'g Tr. at 27-28.)

## II.   PROCEDURAL HISTORY

On October 18, 2016, Barthman was indicted for Possession of Child Pornography Involving a Prepubescent Minor pursuant to 18 U.S.C. §§ 2252(a)(4)(B), (b)(2) and 2253(a).  On November 30, 2016, Barthman moved to suppress evidence obtained as a result of the search of his residence and vehicles on December 23, 2015, under the Second Warrant, including evidence obtained after the seized devices underwent a forensic examination.  After an evidentiary hearing on December 7, 2016 and also after the Magistrate Judge took post-hearing briefing on the motion to suppress, the Magistrate Judge issued an R&R on January 17, 2017, recommending denial of Barthman's motion.  On February 1, 2017, Barthman filed timely objections to the R&R.

## ANALYSIS

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2).  For a dispositive matter such as a motion to suppress evidence, "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  "The objections should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *United States v. Peoples*, No. 15-165, 2016 WL 1626841, at *1 (D. Minn. Apr. 25, 2016) (alteration in original) (quoting *Mayer v. Walvatne*, No. 07-1958, 2009 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)).

## II.     BARTHMAN'S OBJECTIONS

### A.     Constitutional Sufficiency of Search Warrant Language

Barthman argues that the Second Warrant "does not meet constitutional requirements of alleging that contraband or evidence of a crime would be found in a particular place." (Def.'s Obj. to R&R ("Obj.") at 1, Feb. 1, 2017, Docket No. 36.)

The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  "A search is reasonable if the officer has a valid search warrant or if the search fits within a specific warrant exception." *United States v. DE L'Isle*, 825 F.3d 426, 431 (8th Cir. 2016).  Although the Fourth Amendment contains no provisions precluding the use of evidence obtain in violation of its commands, the Supreme Court's decisions "establish an exclusionary rule that, when applicable, forbids the use of improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139 (2009).

A search warrant is valid if supported by probable cause; "[a]n affidavit establishes probable cause for a warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States v. Mutschelknaus*, 592 F.3d 826, 828 (8th Cir. 2010) (quoting *United States v. Snyder*, 551 F.3d 813, 817 (8th Cir. 2008)).

Probable cause is a "fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983).  In evaluating whether probable cause exists in a given case, the issuing judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability" that the search will be fruitful.  *Id.* at 238; *see also United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007).  "In ruling on a motion to suppress, probable cause is determined based on 'the information before the issuing judicial officer.'" *United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (quoting *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986)).  Furthermore, "resolution of the question by an issuing judge 'should be paid great deference by reviewing courts.'"  *Grant*, 490 F.3d at 631-32 (quoting *Gates*, 462 U.S. at 236).

The Court finds that the Second Warrant comported with the Fourth Amendment – it was supported by probable cause and particularly described the places to be searched and the items to be seized.  In applying for the warrant, Officer Perich legitimately sought evidence that might broadly support a charge for "crimes associated to criminal sexual conduct and communications of sexually explicit materials to children," (Ex. 1 at ¶ 25), as opposed to evidence solely to support the precise child pornography charge that was eventually filed.[4]  Officer Perich's affidavit included extensive information supporting a

---

[4] To the extent Barthman argues that a warrant must allege the exact elements of the later-charged crime in order to be valid, the Court rejects this argument.  Unlike an indictment, which "must set forth each element of the crime that it charges," *Almendarez-Torres v. United*

(Footnote continued on next page.)

conclusion that there might be physical evidence, including electronic data, at Barthman's residence or in his vehicle (1) that Barthman either used or intended to use as a means of committing a crime,[5] (2) that was evidence that Barthman had committed a crime,[6] or (3) possession of which constituted a crime.[7] Therefore, Officer Perich's affidavit indicated "a fair probability that contraband or evidence of criminal activity" would be found in Barthman's residence or vehicles, including data on electronic devices found therein. *Mutschelknaus*, 592 F.3d at 828 (quoting *Snyder*, 511 F.3d at 817).

In addition to properly specifying the "things to be seized," including electronic devices and certain data stored on those devices, the Second Warrant also specified the "place[s] to be searched" – Barthman's residence and vehicles. *See* U.S. Const. amend.

_____
(Footnote continued.)

*States*, 523 U.S. 224, 228 (1998), a magistrate reviewing a warrant application may be justified in signing the warrant even if the application shows only a **probability** that a crime has been committed, even if there is no prima facie showing of criminal conduct, *United States v. Summage*, 481 F.3d 1075, 1078-79 (8th Cir. 2007).

[5] For example, A.B. told interviewers that Barthman had taken pictures or videos of her while she was naked. (Ex. 1 ¶ 20.) If those photos or videos were pornographic in nature – a fair inference given the nature of the allegations in Officer Perich's affidavit as a whole – Barthman may have used or intended to use any seized recording devices to commit a crime.

[6] If Barthman took pornographic images of A.B., (*see* Ex. 1 ¶ 20), their creation could constitute a crime, of which the images would be evidence.

[7] Officer Perich's affidavit included an allegation that Barthman had potentially possessed pornographic images or videos of A.B. (Ex. 1 ¶ 20.) There is also evidence in the affidavit tending to show that Barthman was sexually attracted to children, (*see, e.g.*, *id.* ¶¶ 10-16), and Officer Perich stated in the affidavit that it is common for those who are sexually attracted to children to possess child pornography, (*id.* ¶ 21). Therefore, the warrant authorized searching for "[p]ornography in any form or medium," which would turn up evidence of possession of child pornography. (*Id.* at 5.)

IV; *see also Gates*, 462 U.S. at 226 (holding that a warrant that authorized a search of Defendants' residence and automobile comported with the Fourth Amendment). The application for the Second Warrant also explicitly sought authorization for a forensic search of seized electronic devices, (*see* Ex. 1 ¶ 25), and the Second Warrant itself authorized seizure of "data" on "hard drives or removable media," (*id.* at 5). So if Barthman means to argue that the devices were additional "place[s] to be searched," *see* U.S. Const. amend. IV, the Second Warrant validly authorized search of those "places."

For all of these reasons, the Second Warrant satisfied the Fourth Amendment's requirement that a search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized."

### B.    Issues Surrounding the Third Search Warrant

Barthman next argues that circumstances surrounding the signing of the Third Warrant justify suppressing the evidence obtained from Barthman's devices. First, Barthman asserts that "it is more than a little troubling that . . . Perich submitted and swore to the accuracy of the warrant without, evidently, reading the document she was submitting to the issuing magistrate." (Obj. at 1.) As Officer Perich testified under oath that she was not involved in the drafting or submission of the application for the Third Warrant, (Hr'g Tr. at 27-28), and there is no evidence that Officer Perich signed any documents associated with that application, (*see* Ex. 3), the Court rejects Barthman's objection as irrelevant and simply not supported by the record.

Second, Barthman asserts that

> [i]t becomes even more troubling when the issuing magistrate signs a warrant that completely fails to correspond [to] the facts submitted in the supporting affidavit to the requirement of "particularly describing the place to be searched." It would appear from [the Third Warrant] that neither the law enforcement officer [n]or the issuing magistrate, were adequately performing their constitutional roles; an issue that goes not just to the search of the devices, but also to the validity of the search conducted of the residence pursuant to [the Second Warrant].

(Obj. at 1-2.) The Court understands Barthman to be asserting that an error in the Third Warrant is a basis for the Court to hold that the Second Warrant was invalid and, therefore, the search conducted pursuant to the Second Warrant was a warrantless search.[8]

Barthman asserts that the state court made a mistake in signing the Third Warrant as drafted, the text of which authorized another search of Barthman's residence and vehicles even though the attached application materials requested authorization not for a physical search but rather for a forensic search of already-seized devices. Barthman does not explain why this later event – the state court's signing of the Third Warrant – should lead the Court to question the basis for the Second Warrant.

---

[8] To the extent Barthman argues that the Third Warrant was invalid and, therefore, the forensic examination of the seized devices was conducted without a warrant, the Court rejects this argument. The Court need not decide whether the drafting error was fatal to the Third Warrant's validity, as any drafting error in the Third Warrant had no effect on the lawfulness of the forensic examination of Barthman's devices. Contrary to Barthman's assertions, the mere fact that Officer Perich's colleagues applied for the Third Warrant is not proof that another warrant was necessary before investigators could lawfully undertake a forensic examination of Barthman's devices. Furthermore, as explained above, the Second Warrant was supported by probable cause. The Second Warrant authorized forensic examination of electronic devices seized during the search of Barthman's residence, and therefore the forensic examination was lawful.

Whether the state court judge may have made a mistake when reviewing a separate application for a different warrant at a later date has no relevance to the question of whether an applicant for an earlier warrant made a sufficient showing of probable cause.  The Court finds no basis to credit Barthman's claim the alleged drafting error is evidence that the state court judge was not "adequately performing [his] constitutional role."  If Barthman intends to call into question the state court judge's "neutrality and detachment," *see United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326-27 (1979)), a mere drafting error in one of many search warrants does not suffice.  Barthman has also failed to show that the state court judge authorized the search despite "knowing or reckless [disregard for the] falsity of the affidavit on which that determination was based."  *Id.*

Additionally, as explained above, the Second Warrant was supported by probable cause because Officer Perich's affidavit indicated "a fair probability that contraband or evidence of criminal activity" would be found in Barthman's residence or vehicles. *Mutschelknaus*, 592 F.3d at 828 (quoting *Snyder*, 511 F.3d at 817).  The Second Warrant authorized a search of Barthman's residence and vehicles and seizure of physical evidence discovered during the search including pornography in any form or medium, computers, electronic data, and recording devices.  (*See* Ex. 1 at 5.)   Therefore,

investigators' search of Barthman's residence and vehicles, and their subsequent seizure of electronic devices found inside, were lawful actions under a valid search warrant.[9]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Barthman's Objections to the R&R [Docket No. 36] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 17, 2017 [Docket No. 32].  **IT IS HEREBY ORDERED** that Barthman's Motion to Suppress Evidence [Docket No. 19] is **DENIED**.

DATED:  March 15, 2017
at Minneapolis, Minnesota.

                                         s/ John R. Tunheim
                                          JOHN R. TUNHEIM
                                            Chief Judge
                                       United States District Court

---

[9] The Court agrees with the Magistrate Judge that even if the Second Warrant was not supported by probable cause, investigators' reliance on the warrant to authorize the search was objectively reasonable and therefore evidence obtained as a result of that search is not inadmissible.  (R&R at 15-16 (citing *Davis v. United States*, 564 U.S. 229, 238-39 (2011); *United States v. Marion*, 238 F.3d 965, 969 (8th Cir. 2001)).)  It was also objectively reasonable for investigators to rely on the Second Warrant in their forensic examination of the seized devices since the explicit language in the application for the Second Warrant included a request for permission to forensically search Barthman's devices (Ex. 1 ¶ 25), and the Second Warrant allowed for the seizure of "data" (*id.* at 5).