UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-284 (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **GOVERNMENT'S POSITION** |
| ) | **REGARDING SENTENCING** |
| BRIAN ARTHUR BARTHMAN, ) | |
| ) | |
| Defendant. ) | |

The United States of America, by its attorneys, Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Katharine T. Buzicky, Assistant United States Attorney, hereby submits its position with respect to sentencing defendant Brian Arthur Barthman.

The United States asks the Court to adopt the factual statements contained in the Presentence Investigation Report (PSR) as its own. The United States recommends a sentence of 135 months, of which 65 months should be served consecutive to the defendant's state court sentence imposed on May 3, 2017. (PSR, ¶ 46). This sentence will be sufficient to accomplish federal sentencing goals, and to provide just punishment to the defendant.

## BACKGROUND

In December 2015, twelve-year-old Minor A told her school teachers that Brian Barthman touched her in a sexual way. Minor A participated in a forensic interview, and described numerous incidents of sexual abuse at the hands of Barthman for approximately

two years. Minor A also disclosed that Barthman's wife, Irene Barthman, participated in some of the abuse. Based on these statements and other evidence, Hermantown Police Officer Lisa Volk sought a search warrant to look for child pornography and evidence of child sexual abuse at the Barthman home.

Officer Volk and her colleagues executed the search warrant on December 23, 2015. They seized numerous computers from Barthman, including two self-built computers. They also found computer accessories, digital storage devices, and other similar items.

Barthman and his wife were charged with sexual abuse of Minor A soon after the execution of the search warrant. Irene Barthman, who has a cognitive limitation, admitted to her role in the abuse and pleaded guilty to First Degree Criminal Sexual Conduct. In March 2017, a St. Louis County jury convicted Barthman of numerous charges relating to the sexual abuse of Minor A. On May 3, 2017, Barthman received two consecutive 30-year sentences for his abuse of Minor A.

The 2017 conviction was Barthman's second conviction for sexually assaulting a child. In 1996, Barthman pleaded guilty to Fifth Degree Criminal Sexual Conduct for sexually abusing a fourteen-year-old.

Officer Volk's colleague, Investigator Eric Sathers, conducted a forensic analysis of the many computers and computer accessories seized during the search warrant. Investigator Sathers found thousands of images and videos of child pornography on Barthman's devices, although the vast majority of them were located in unallocated space or were cached images. However, Investigator Sathers did find some child pornography files in the active space of a thumb drive and on two hard drives installed on one of

2

Barthman's self-built computers. He also found evidence of Barthman's sophistication and knowledge of computers, including Barthman's resumes detailing his computer skills and homework assignments from college-level computer classes.

## GUIDELINES CALCULATIONS

The PSR calculated a base offense level of 22, and a total offense level of 32. (PSR, ¶¶ 21, 35). Barthman's criminal history category is III. (PSR, ¶ 48). Accordingly, the PSR calculates a Sentencing Guidelines range of 151-188 months' imprisonment. (PSR, ¶ 93).

The enhancements contemplated in the PSR are identical to the government's calculation of the offense level in the plea agreement. The plea agreement and PSR contain different criminal history category calculations. Despite the difference in criminal history calculations, the United States will recommend a sentence of 135 months, with 65 months to be served consecutive to the defendant's state court sentence.

## ARGUMENT

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court set forth the appropriate sentencing methodology: the district court calculates the advisory Guidelines range and, after hearing from the parties, considers the 18 U.S.C. § 3553(a) factors to determine an appropriate sentence. 552 U.S. at 49-50; *United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the Section 3553(a) sentencing factors").

The district court may not assume that the Guidelines range is reasonable, but instead "must make an individualized assessment based on the facts presented." *Id*. at 50. Section 3553(a) requires the Court to analyze a number of factors, including, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities. *See* 18 U.S.C. § 3553(a).

**A.      The 3553(a) factors warrant a 135-month sentence**

1.  *The nature and circumstances of the offense*

Brian Barthman used his computer skills to collect child pornography, and store it on sophisticated computers he built. Tragically, he did not stop at child pornography collection, but perpetrated sexual abuse on vulnerable children as well. The child pornography and sexual abuse are all part of a pattern: Barthman sees children as sexual objects. He uses children for sexual gratification, without regard for the impact on their lives.

2.  *The history and characteristics of the defendant, and the need to protect the public*

The analysis of these Section 3553(a) factors is quite simple. Barthman is a true danger to children, and is essentially incorrigible. Throughout his adult life, Barthman has preyed on children. But for the bravery of Minor A, Barthman may have moved on to abuse still more victims, and collect more child pornography. Because she spoke out and found the courage to testify against him, he has finally been stopped.

### 3. *The need for deterrence*

Deterrence of future offenses against children is also an important consideration for the Court. Barthman has proven that the only way to deter him is to prevent him from using a computer and having access to children. A long sentence will accomplish that goal.

The Court can consider general deterrence in fashioning a sentence as well. *See Ferguson v. United States*, 623 F.3d 627, 631 (8th Cir. 2010); *United States v. Medearis* 451 F.3d 918 (8th Cir. 2006) (noting that "[g]eneral deterrence … is one of the key purposes of sentencing"). The Court should send a message of condemnation to offenders who both collect child pornography and sexually abuse children.

### 4. *The need to avoid sentencing disparities*

A 135-month sentence will not create unwarranted sentencing disparities. Barthman did not commit a "run of the mill" child pornography crime. He is a man who collected images and videos of children being abused, and who himself abused vulnerable children. These and so many other factors set him apart from most child pornography offenders. A 135-month sentence will accurately reflect the gravity of Barthman's crimes.

### B. **A 5-year term of supervised release is appropriate and necessary**

A 5-year term of supervised release is also important to protecting the public and to ensuring Barthman's compliance with the law. The law requires at least five years of supervised release, and permits the imposition of lifetime supervised release. *See* 18 U.S.C. § 3583(k). Barthman's long state-court sentence means he will be incarcerated for most of his life. However, if he is released at any point, he will require supervision to remain law-abiding and to ensure he cannot harm any more children.

**C.     Issues in controversy**

The main issue in controversy is the enhancement for the number of images Barthman possessed. The government intends to call a witness at sentencing to prove that the facts support enhancement applied in the PSR. The undersigned will file a separate motion for an evidentiary hearing and a notice of intent to call a witness in accordance with the Local Rules for this District.

**D.     Restitution**

The government has received restitution requests from children depicted in the child pornography Barthman possessed. The government is optimistic that Barthman and counsel for his victims will arrive at a negotiated resolution to these requests.

## CONCLUSION

Based on the foregoing and arguments to be made at sentencing, the United States respectfully asks that the Court sentence the defendant to a sentence of 135 months in prison, of which 65 should be served consecutive to his state-court sentence. This sentence will fit the defendant's history and characteristics, and will protect the public. Most importantly, it will ensure that Barthman cannot hurt children for many years.

Dated: October 20, 2017        Respectfully submitted,

GREGORY G. BROOKER
Acting United States Attorney

s/ *Katharine T. Buzicky*

BY: KATHARINE T. BUZICKY
Assistant U.S. Attorney