UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 16-284 (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN ARTHUR BARTHMAN, )<br>)<br>Defendant. )<br>) | **DEFENDANT'S POSITION<br>WITH RESPECT TO<br>SENTENCING FACTORS** |

The defendant, Brian Arthur Barthman, through and by his attorney David J. Malban, takes the following positions with respect to sentencing factors.

Brian A. Barthman is before the court for sentencing on a soul count of possession of child pornography, to which he plead guilty. The defendant was convicted in state court on multiple charges relating to the sexual abuse of a minor. In May of 2017, Mr. Barthman was sentenced to 60 years of imprisonment and 99 years of conditional release, in state court.

Given Mr. Barthman's severe state court sentence, and the fact that this child pornography prosecution and the state court matter arose out of a single arrest of the defendant in December of 2015; the defendant will argue for a downward variance and a concurrent sentence with the State court proceedings.

## Criminal History Calculation – Paragraph 46

The defendant objects to the six points of criminal history that are assigned him at paragraph 46. After his arrest on State court charges on December 23, 2015, the defendant was not charged in federal court with the instant offence until 10 months later. The defendant was originally set to go to trial in federal court before the state court proceedings, but shortly before that scheduled date the government chose to charge the defendant with a Superseding Indictment causing the defendant to move for a continuance of the trial. Because of the leapfrogging between the state and federal proceedings the PSR charges three criminal history points under U.S.S.G § 4A1.1(a). But for the Superseding Indictment and the leapfrogging of the two matters, Mr. Barthman would have been found to have zero criminal history points and a criminal history category of I. This situation seems to be contemplated in the commentary to U.S.S.G § 5G1.3. The example is given in which a defendant has (or, in this case, will) serve a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offence. "In such a case, a downward departure may be warranted to insure that the combined punishment is not increased unduly <u>by the fortuity and timing of separate prosecutions and sentencings.</u>" (Emphasis added) (at Commentary, n.3 Applications of Subsection (c), (E) Downward Departure). In any event, it is hard to

argue that Mr. Barthman's state court sentence has not resulted in the harshest possible punishment.

Additionally, the defendant objects to an additional three criminal history points being assessed in the PSR on the theory that he knowingly engaged in a forcible sexual act. Those allegations were never made or charged by the State of Minnesota. Section 609.342 subd.1(h)(i) and Section 609.343 subd.1(h)(i) are the full statutory citations for allegations of criminal sexual conduct in the First Degree and Second Degree (respectively) for use of force or coercion to accomplish penetration of a minor (and the actor has a significant relationship to the complainant) (Minnesota Statutes 2015). Other possible statutes that would allege reasonable fear of imminent great bodily harm (subd.1 (c), likewise, were never alleged. See U.S.S.G § 4B1.2(a).

It seems inappropriate to add an additional three criminal history points to a case that was fully charged and prosecuted yet never once argued that the substantive crime was a product of force or threat of violence. Nor, was the jury ever instructed on fear of great bodily harm, or use of force elements. Those definitions and elements are all found at CRIMJIG 12.01, CRIMJIG 12.02, CRIMJIG 12.12, CRIMJIG 12.16 and CRIMJIG 12.17, (10 Minn Prac.). See the attached jury instructions face sheet for case number 69DU-CR-15-4576; State of Minnesota v. Brian Arthur Barthman. (Appendix p.1) Showing that none of these CRIMJIG's were ever read to the jury.

## Sentencing Options

Paragraph 91 of the PSR allows that the court may impose a sentence that would run concurrently with, partially concurrently with, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. U.S.S.G § 5G1.3(d). The defendant urges the court to conclude that rather than subsection (d) the appropriate guideline provision is subsection (c). The defendant has been sentenced in state court to serve a maximum state sentence before being transferred to federal custody for federal imprisonment. "In such a case, where the other offense is relevant conduct to the instant offense of conviction… the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G § 5G1.3(c).

The sexual abuse of a minor would certainly seem to be the same course of conduct or common scheme or plan as the offense of possession of child pornography. Certainly, the state court prosecution believed so when they introduced evidence of the Defendant's child pornography through investigator Eric Sathers at the state court trial. Likewise, had this mater gone to trial the government had clearly indicated its plan to introduce evidence to the federal jury of the defendant's state court conviction for sexual abuse of a child. Those trial positions of the state and federal governments would seem hard, if not impossible, to walk back from at this point. Indeed, in the Plea Agreement the government has agreed to waive its right to appeal the court's

determination as to whether the sentence in the instant case should run concurrent to the defendant's state sentence. (P.A. p.8)

**Reasons for Downward Variance: Child pornography Guidelines,**

**The Lack of Empiricism**

<u>Kimbrough v. United States</u>, 552 U.S. 85 (2007) holds that where a guideline was not developed based upon "empirical data and national experience," the district court is free to conclude that it "yields a sentence 'greater than necessary' to achieve section 3553 (a)'s purposes, even in a mine-run case." <u>Id</u>. at 109. In <u>Spears v. United States,</u> the Supreme Court stated, "we now clarify that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." 555 U.S. 261, 265-66 (2009). District courts throughout the United States have held that child pornography Guidelines were "not developed under the empirical approach, but were promulgated, for the most part in response to statutory directives." <u>United States v. Grinbergs,</u> No. 8: 05CR232 (2008) WL 4191145*5 (D. Neb. 9-8-2008).; <u>United States v. Diaz,</u> 720 F.Supp. 2d 1039(E.D. Wis. 2010).

In <u>United States v. Grober,</u> the 3rd Circuit upheld the district court which had concluded, in part, that it was "convinced that for a typical downloading case, which this one assuredly is, the applicable guideline, § 2G2.2, cannot be given deference and produces an unreasonable sentencing range even before considering the sentencing factors in section 3553(a)." Although the 3rd Circuit took issue with the phrase "typical downloading case" as used by the district court (because Grober had been involved in

apparent trading of images online), the overall point was well taken. See footnote 1. Unlike Grober, Mr. Barthman has been charged and convicted only of the offense of possession and thus, can only be referred to as a "typical downloading case" 624 F. 3d. 592 (3rd Cir. 2010).

In United States v. Dorvee the second circuit noted that the Guidelines range of "an ordinary first time offender" often falls at or well above the statutory maximum "based solely on sentencing enhancements that are all but inherent to the crime of conviction." 616 F. 3d. 174, 186 (2d. Cir. 2010). (also noting that Congressional edicts were passed without "empirical justification," let alone "study." Dorvee at n.6)

### 3553(a) Factors

Brian Barthman is before the court for sentencing upon a single count of possession of child pornography, having plead guilty and excepted responsibility. He has been incarcerated since his arrest on or about December 23, 2015 and has been convicted in state court proceedings of sexual abuse of a minor, multiple accounts. The two separate cases against the defendant, state and federal, by all accounts arise out of overlapping ongoing conduct. Both prosecutions either used, or threatened to use, the facts of the other prosecution as relevant evidence to support convictions under various Rules of Evidence.

Prior to his conviction and his sentencing in the spring of 2017 in state court Mr. Barthman had never been convicted of a felony level offense. Today, as he appears

before this court he is facing a prison sentence of 60 years with a conditional release of 99 years. Under Minnesota law the defendant will have to serve at least 40 years in prison before being released on Supervised Release for the remaining 20 years. If he lives that long, he will be 87 years old upon his release from state court confinement. A harsh result by any standard for an offense short of First Degree Murder. The defense believes that a consecutive sentence at this stage is mandated by Guideline section 5G1.3(c). The PSR and the government admit that a consecutive sentence is allowed under paragraph (d).

For a first time offense of possession of child pornography a sentence of 30 months is not uncommon (even where, unlike here, there are aggravating circumstances of distribution without pecuniary gain.)

The defendant Brian Barthman, through his below signed attorney, respectfully request a downward departure from the sentencing Guidelines and a sentence of 30 to 40 months concurrent with his state court sentence. A Supervised Release term of 5 years to life will also be added to his federal sentence. Such a sentence would not unduly depreciate the severity of the crime of child pornography possession but yet would give Mr. Barthman the hope of a chance for redemption.

Dated: November 3, 2017.

Respectfully submitted,

David J. Malban
302 W. Superior St. #505
Duluth, MN 55802
(218)722-4190
Attorney for Brian Barthman

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF ST. LOUIS        SIXTH JUDICIAL DISTRICT

69DU-CR-15-4576

State of Minnesota,

               Plaintiff,

vs.                                            **JURY INSTRUCTIONS**

Brian Arthur Barthman,

               Defendant.

| | |
|---|---|
| CRIMJIG 3.01 | Duties of Judge and Jury |
| CRIMJIG 3.02 | Presumption of Innocence |
| CRIMJIG 3.03 | Proof Beyond a Reasonable Doubt |
| CIVJIG 12.10 | Direct and Circumstantial Evidence |
| CRIMJIG 3.06 | Rulings on Objections to Evidence |
| CRIMJIG 3.07 | Instructions to Be Considered as a Whole |
| CRIMJIG 3.09 | Notes Taken by Jurors |
| CRIMJIG 3.11 | Statements of Judge and Attorneys |
| CRIMJIG 3.12 | Evaluation of Testimony—Believability of Witnesses |
| CRIMJIG 3.13 | Expert Testimony |
| CRIMJIG 3.15 | Impeachment |
| CRIMJIG 3.16 | Testimony as to Other Crimes and Occurrences |
| CRIMJIG 3.17 | Defendant's Right Not to Testify |
| CRIMJIG 3.23 | Multiple Offenses Considered Separately |
| CRIMJIG 3.29 | Definitions of Words |
| CRIMJIG 3.30 | Closing Instruction on Receipt of Testimony of Other Domestic Abuse Conduct |
| CRIMJIG 12.04 | Criminal Sexual Conduct in the First Degree – Sexual Penetration – Complainant Underage – Defined |
| CRIMJIG 12.05 | Criminal Sexual Conduct in the First Degree – Sexual Penetration – Complainant Underage – Elements |
| CRIMJIG 12.06 | Criminal Sexual Conduct in the First Degree—Sexual Contact Complainant under 13—Defined |
| CRIMJIG 12.07 | Criminal Sexual Conduct in the First Degree—Sexual Contact Complainant under 13—Elements |
| CRIMJIG 12.08 | Criminal Sexual Conduct in the First Degree— Significant Relationship —Complainant under 16—Multiple Acts—Defined |
| CRIMJIG 12.09 | Criminal Sexual Conduct in the First Degree— Significant Relationship —Complainant under 16—Multiple Acts—Elements Instruction Regarding "On or About" |

CLOSING INSTRUCTIONS

*Appendix p. 1*