## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ARTHUR BARTHMAN,<br><br>Defendant. | Criminal No. 16-284 (JRT/LIB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY** |

Erica H. MacDonald, United States Attorney, and Miranda E. Dugi, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Brian Arthur Barthman, OID #254195, MCF Rush City, 7600 Five Hundred and Twenty-Fifth Street, Rush City, MN 55069, *pro se* defendant.

Defendant Brian Arthur Barthman pled guilty to Possession of Child Pornography Involving a Prepubescent Minor pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). The Court sentenced him to 151 months in prison. Barthman appealed to the Eighth Circuit, who vacated the sentence and remanded to this Court for resentencing due to improper calculations regarding Barthman's criminal history score. Barthman now moves to withdraw his plea of guilty. Because he cannot demonstrate a fair and just reason for doing so, and because additional factors weigh against withdrawal of his plea, the Court will deny his motion.

**BACKGROUND**

**I.     FACTUAL HISTORY**

The factual history of this case was discussed extensively in a Report and Recommendation by U.S. Magistrate Judge Leo I. Brisbois, which the Court adopted. *United States v. Barthman*, No. 16-CR-284 (JRT/LIB), 2017 WL 8947192 (D. Minn. Jan. 17, 2017), *R&R adopted*, No. CR 16-284 (JRT/LIB), 2017 WL 1012963 (D. Minn. Mar. 15, 2017). A brief summary follows:

In December 2015, a twelve-year-old girl, C.B., reported to her school counselor that she and her sister were not being well cared for at home. *Barthman*, 2017 WL 8947192, at *1. Conversations with a social worker led to C.B. disclosing sexual abuse by her father, Barthman. *Id.* at *2. In addition to numerous allegations of physical and sexual abuse, C.B. reported that Barthman had shown her inappropriate photos, had asked her if she wanted to watch naughty videos, and had "bad videos" on his phone and the television. *Id.* During a forensic interview C.B.'s six-year-old sister, A.B., stated that one of the rules in their house was not to touch Barthman's computer. *Id.* at *3. She also disclosed that she had been shown nude pictures or videos and that her family had taken photos or videos of her without her clothes on. *Id.*

Pursuant to a warrant, the application for which was based in part on these statements, police seized various electronics belonging to Barthman and conducted a forensic search of them. *See id.* *3-*5. The search revealed numerous child pornography images and videos. (*See* Plea Ag. ¶¶ 2(b)-(c), June 27, 2017, Docket No. 62.)

## II. PROCEDURAL HISTORY

On October 18, 2016, Barthman was indicted for Possession of Child Pornography Involving a Prepubescent Minor pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Indictment, Oct. 18, 2016, Docket No. 1.) On June 27, 2017, he entered a guilty plea. (*See* Plea Ag.; Plea Tr., Mar. 9, 2018, Docket No. 100.) On January 12, 2018, the Court sentenced Barthman to 151 months' imprisonment and a lifetime term of supervised release. (*See* Sentencing J. at 2-3, Jan. 19, 2018, Docket No. 85.) Barthman had already been sentenced to **60 years' imprisonment in state court** on the underlying sex offense. (Sentencing Tr. at 33, 38, Mar. 9, 2018, Docket No. 98.) The Court imposed the federal sentence to run concurrent to the longer state sentence. (*Id.* at 42; Sentencing J. at 2.)

Barthman appealed, and the Eighth Circuit vacated his sentence on the grounds that the Court miscalculated Barthman's criminal history score. *United States v. Barthman*, 919 F.3d 1118, 1120 (8th Cir. 2019). The Eighth Circuit remanded to this Court for resentencing. *Id.*

On May 17, 2019, Barthman filed a pro se motion to withdraw his plea of guilty. (Def.'s Mot. to Withdraw Guilty Plea ("Mot."), May 17, 2019, Docket No. 119.)

## DISCUSSION

### I. JURISDICTION

As a preliminary matter, the Court must consider whether it has jurisdiction to consider Barthman's Motion.

Before sentencing, a defendant can withdraw his or her guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . , and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

The United States argues that Barthman has already been sentenced and that the Court's jurisdiction in this matter is limited only to resentencing. Barthman argues that, because his sentence was vacated, he stands before the Court as though he has never been sentenced.

The Eighth Circuit does not appear to have considered this precise issue, but several other circuits agree with Barthman.[1] Consistent with this persuasive precedent, and having found no precedent to the contrary, the Court finds that it has jurisdiction to consider Barthman's Motion.

## II.  STANDARD OF REVIEW

Barthman's motion must be viewed in the context of "the particular importance of the finality of guilty pleas." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). "[D]ispositions by guilty plea are accorded a great measure of finality," and "[s]olemn

---

[1] *See, e.g., United States v. Rayford*, 552 Fed. Appx. 856, 859 (10th Cir. 2014) (district court had jurisdiction over motion to withdraw guilty plea after sentence vacated); *United States v. Schonback*, 921 F.2d 278 (Table) (7th Cir. 1990) (same); *United States v. Story*, 891 F.2d 988, 989-90 (2d Cir. 1989) (vacating and remanding for sentencing with instructions to give defendant option of being resentenced under the Guidelines or withdrawing his guilty plea); *United States v. Golden*, 795 F.2d 19, 20-21 (3d Cir. 1986) (sentencing court had jurisdiction to hear motion to withdraw guilty plea after obtaining order staying execution of sentence).

declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Likewise, guilty pleas are solemn acts "not to be disregarded because of belated misgivings about [their] wisdom." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quotation omitted).

Barthman must demonstrate "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." *United States v. Heid*, 651 F.3d 850, 853 (8th Cir. 2011) (quotation omitted). "[T]he decision to allow or deny the motion remains within the sound discretion of the trial court." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997).

Even if Barthman can show a fair and just reason for withdrawing his plea, the Court must also consider other factors, including "whether [he] asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the [C]ourt grants the motion." *United States v. McHenry*, 849 F.3d 699, 705 (8th Cir. 2017) (quotation omitted).

### III. BARTHMAN'S ARGUMENTS

Barthman argues that there are four fair and just reasons for withdrawing his guilty plea. The Court will consider each in turn.

#### A. Failure to Advise Under Federal Rule of Criminal Procedure 11(c)(3)(B)

Barthman first argues that he is entitled to withdraw his guilty plea because the Court failed to properly advise him under Federal Rule of Criminal Procedure 11(c)(3)(B),

which states that for plea agreements of the "type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." The type of plea referenced includes plea agreements in which the United States "recommend[s], or agree[s] not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate." Fed. R. Crim. P. 11(c)(1)(B).

The plea agreement in Barthman's case falls into this category because the United States agreed "to seek a sentence of imprisonment of no more than 135 months, with no more than 65 months of that sentence to run consecutive to the state sentence" that Barthman would serve, as well as a lifetime term of supervised release. (Plea Ag. ¶ 6(h).)

Sentencing courts must "act in substantial compliance with the dictates of [R]ule 11, although 'ritualistic' compliance is not required." *United States v. Missouri Valley Const. Co.*, 704 F.2d 1026, 1029 (8th Cir. 1983).[2] However, "[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." *United States v. Gillen*, 449 F.3d 898, 903 (8th Cir. 2006) (quoting Fed. R. Crim. P. 11(h)). *See also United States v. Davila*, 569 U.S. 597, 606-07 (2013). An error is harmless unless Barthman can show "a reasonable probability that, but for the error, he would not have

---

[2] *Missouri Valley* also held that a defendant need not show prejudice from the failure to advise. 704 F.2d at 1029. However, that holding was superseded by the addition of Rule 11(h), as the Eighth Circuit acknowledged in *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). But *Missouri Valley's* reasoning and holding regarding substantial compliance has not been disturbed. *See id.* at 699 (finding that the district court "substantially complied" with Rule 11).

entered the plea." *Dominguez Benitez*, 542 U.S. at 83.  The burden is a rigorous one. *United States v. Ladue*, 866 F.3d 978, 982 (8th Cir. 2017).

The Court finds that, while its advisal did not strictly follow Rule 11(c)(3)(B), any variance was harmless for five reasons.

First, the Court finds that its failure to give the advisal was harmless because the advisal "would have added precious little to the knowledge [Barthman] already possessed about the plea process." *United States v. Gillen*, 449 F.3d 898, 903 (8th Cir. 2006) (quoting *United States v. McCarthy*, 97 F.3d 1562, 1575 (8th Cir. 1996)).  The plain language of the plea agreement made clear that the Court was not bound by the plea agreement, including the sentencing recommendation agreed upon by the United States.  A section entitled "Discretion of the Court" reads:  "The foregoing stipulations are binding on the parties, but do not bind the Court."  (Plea Ag. ¶ 7.)  This section immediately follows the parties' "Joint Sentencing Recommendation."  (*See id.* ¶¶ 6(h)-7.)  The plea agreement also explicitly states that, "[i]f the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties **may not withdraw** from this agreement, and Defendant will be sentenced pursuant to the Court's determinations." (*Id.* ¶ 7 (emphasis added).)  Barthman signed this document and acknowledged before the Court that he read and understood it.  (Plea Tr. at 9.)

Likewise, the Court made clear at the change of plea hearing that the United States' sentencing recommendation was just that—a recommendation—and that the Court would make "a final determination at sentencing." (Plea Tr. at 18.)  Barthman acknowledged that he understood.  (*Id.* at 19.)  He also acknowledged that he understood that the Court would

determine application of the Guidelines and "take them into account." (*Id.* at 18.) Finally, Barthman acknowledged that the Court would not "make any decisions on the guidelines or certainly the sentence until [the parties'] return[ed] for sentencing." (*Id.* at 20.)

The Court's warnings in the plea agreement and colloquy were substantially similar to those in *McCarthy*, which the Eighth Circuit found were "the equivalent of the warning required under [Rule 11(c)(3)(B)]," and sufficient to make the terms of the plea agreement "clear[] and explicit." 97 F.3d at 1576. Given this information, it is unlikely that a Rule 11(c)(3)(B) advisal would have had a "significant influence on [Barthman's] decision to plead guilty." *Id.* at 1575.

Second, Barthman's contention that he was prejudiced conflates two issues: (1) whether he would have pled guilty had he been properly advised under Rule 11(c)(3)(B) and (2) whether he would have pled guilty had he known the outcome of the sentencing hearing beforehand. His statements suggest that the answer to the latter is "no," but they do not credibly address the former. Barthman claims that "[t]he heart of the matter is whether [he] would have entered a guilty plea if [he] had known that there was a distinct probability of receiving a substantially greater sentence than that recommended by the government." (Mot. at 6.)[3] But that is not the question. The question is whether he would

---

[3] Barthman was explicitly warned that the Court could go higher than the United States recommended. Indeed, the Court explicitly explained how Barthman's appeal waiver would function if it imposed more than 65 months concurrent. (Plea Tr. at 22.)

Barthman also misconstrues the nature of the United States' recommendation and the sentence ultimately imposed by the Court. Barthman contends that his "plea agreement contained a recommended 65[-] month sentence and [he] was sentenced to 151 months, which was more than double that of [his] anticipated sentence." (Mot. at 3.) Not so. The government agreed to recommend 135 months or less **total**, with 65 months or less to be served **consecutively** to

have entered a guilty plea had he been properly advised under Rule 11(c)(3)(B). The Court finds little evidence that the answer to this question is "no."[4]

Third, Barthman's contention that he would not have pled guilty had the Court properly advised him under Rule 11(c)(3)(B) is undermined by his other contentions. Barthman claims that his counsel advised him that it was "extremely unlikely" that the Court would reject the United States' recommendation and that it would be "extremely rare" for a judge not to adopt a recommendation by the United States. (Mot. at 3.) Indeed, Barthman claims that his counsel told him there was a "95% certainty" that the Court would go along with the recommendation. (*Id.*) If Barthman was so certain that the Court would adopt the United States' sentencing recommendation, it is unlikely that a Rule 11(c)(3)(B)

---

Barthman's state sentence. (Plea Ag. ¶ 6(h).) At sentencing, Barthman's counsel informed the Court that Barthman had been sentenced to 60 years in state court. (Sentencing Tr. 33, 38.) Had the Court followed the recommendation of the United States, Barthman would have served his 60-year state sentence **plus** 65 months afterwards for his federal conviction. Ultimately, the Court imposed a higher total sentence than the United States recommended: 151 months. (Sentencing J. at 2.) But it imposed the entire sentence to run concurrent with the state sentence. (*Id*.) Given that Barthman's state sentence was significantly longer than 151 months, he would serve **no** additional time for the federal conviction because the 151-month federal sentence would terminate well before Barthman finished serving his 60-year state sentence. Thus, the Court's sentence, while longer in total, was effectively shorter than that which the United States recommended.

The Court acknowledges that it is not yet clear whether Barthman's federal or state sentence will ultimately determine how long Barthman spends in prison because his state sentence is under review. *See United States v. Barthman*, 919 F.3d 1118, 1122 (8th Cir. 2019). But ultimately that question is irrelevant to the analysis here. The relevant question is not whether Barthman was prejudiced by the Court's sentence, but whether he was prejudiced by not receiving a proper Rule 11(c)(b)(3) advisal.

[4] Indeed, even Barthman appears unable to answer the question. He says that "it is impossible for anyone to say with any certainty what [he] would have done absent the error." (Mot. at 6.) But Barthman must prove to the Court that there is a reasonable probability that he would not have pled guilty had he received the Rule 11(c)(3)(B) advisal, and his bare assertions to that he would not have pled guilty are contradicted by the record.

advisal would have changed his mind. Barthman further states that "[a] large part of [his] decision to plead guilty was based on this advice" from counsel; thus, he "had no reason to dwell on the details of [his] plea agreement." (*Id.*) If Barthman was uninterested in the details of his plea agreement, then having more details (in the form of a Rule 11(c)(3)(B) advisal) was unlikely to change his decision.

Fourth, Barthman's delay in seeking to withdraw his guilty plea undermines the credibility of his assertions. Barthman was sentenced on January 19, 2018. He filed his motion to withdraw his guilty plea almost a year and a half later, on May 17, 2019, only after successfully appealing his sentence on other grounds. Barthman contends that, because the Court failed to properly advise him under Rule 11(c)(3)(B), he was "under the mistaken impression that [he] could withdraw [his] plea of guilty." (Mot. at 4.) But Barthman did not seek to withdraw his plea at his sentencing hearing, even after the Court refused to adopt the recommendation of the United States. *See McCarthy*, 97 F.3d at 1576. Nor did Barthman "evidence[] confusion or any misunderstanding that he could withdraw his guilty plea." *Id.* Nor did Barthman move to withdraw his plea immediately after sentencing. Moreover, despite appealing his sentence, Barthman did not appeal his conviction or raise the Rule 11 error in his appeal. Barthman's contention that he would not have pled guilty had he received a proper Rule 11(c)(3)(B) advisal is not credible given his lack of urgency in pursuing withdrawal of his guilty plea.

Fifth and finally, Barthman's assertion that he would have withdrawn his plea had he received a proper Rule 11(c)(3)(B) advisal is unconvincing given the strength of the case against him. The United States intended to introduce evidence of a forensic analysis

of computers, accessories, and digital storage devices found in Barthman's home that revealed thousands of images and videos of child pornography. (USA Trial Brief at 2, Apr. 5, 2017, Docket No. 45.) The Court denied Barthman's motion to suppress this evidence. *See Barthman*, 2017 WL 1012963, at *6. The United States intended to offer evidence that Barthman possessed or was the primary user of the device. (USA Trial Brief at 2-3.) It also sought to introduce significant "other bad act" evidence, including evidence that Barthman had abused his minor daughter, caused his wife—who had a cognitive limitation—to engage in sexual abuse of their minor daughter, possessed child pornography files beyond those enumerated in the indictment, and engaged in internet searches related to incest and sexual acts with minors. (*Id.* at 2-3, 6.)

Given the strength of the case against Barthman and the significant other evidence that the United States sought to introduce, it is unlikely that Barthman would have withdrawn his guilty plea. Withdrawal was especially unlikely given that Barthman had gained substantial benefits as a result of his plea, including a three-level adjustment for acceptance of responsibility and a recommendation by the United States that he receive a sentence at the bottom of the predicted guidelines with less than half of the sentence to be served consecutively. *See United States v. Todd*, 521 F.3d 891, 897 (8th Cir. 2008) (court must "consider the likelihood that [defendant] would have relinquished" the benefits of pleading guilty had defendant received a proper advisal).

Barthman "has suffered no concrete prejudice other than entering a plea []he now regrets." *United States v. Camacho*, 233 F.3d 1308, 1322 (11th Cir. 2000) (quoting *United*

*States v. Noriega–Millan*, 110 F.3d 162, 167 (1st Cir.1997)). As such, his Rule 11 argument does not provide a fair and just reason for withdrawing his guilty plea.

### B. Lack of Factual Basis

Next, Barthman argues that his plea lacked a factual basis, which is required under Rule 11(b)(3). Specifically, Barthman argues that there was no indication that his possession of the images was "knowing."

"A defendant establishes a fair and just reason for withdrawing his guilty plea by demonstrating that his plea is not supported by an adequate factual basis." *United States v. Sharp*, 879 F.3d 327, 335 (8th Cir. 2018)). "A guilty plea is supported by an adequate factual basis when the record contains sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." *Id.* (quoting *United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009)).

Barthman's contentions that he never admitted to knowingly possessing the images are patently false. Barthman's signed plea agreement states that "Defendant did knowingly possess" the images at issue. (Plea Ag. ¶ 2(a).) At his plea hearing, Barthman acknowledged reviewing and signing the Plea Agreement and acknowledged reviewing the Indictment, which also included the word "knowingly." (Plea Tr. at 8-11; Superseding Indictment at 1, Apr. 11, 2017, Docket No. 54.) As such, Barthman's argument does not provide a fair and just reason for withdrawing his guilty plea

### C. Required Notice Regarding Restitution

Barthman also argues that he was never warned that he might have to pay restitution under Rule 11(b)(1)(K). He contends that he would not have pled guilty had he known restitution was a possibility. This contention is wholly incredible in light of the record.

The Plea Agreement, which Barthman read and signed, states that the Mandatory Victim Restitution Act applies to the case and that "the Court is **required** to order Defendant to make restitution to the victims of his crime." (Plea Ag. ¶ 9 (emphasis added).) During the change of plea hearing, the Court stated: "The fine is a maximum of $250,000, and there is a $5,000 assessment to the Domestic Trafficking Victims Fund and a mandatory special assessment of $100 and restitution, if that is indicated. Do you have any questions about that?" (Plea Tr. at 15.) Barthman responded, "No, Your Honor." (*Id.*) The record shows that Barthman was properly advised about restitution through his plea agreement and colloquy; thus, his argument does not provide a fair and just reason for withdrawing his guilty plea.[5]

### D. Ineffective Assistance of Counsel

Finally, Barthman argues that he received ineffective assistance of counsel when he was "erroneously advised that [he] would be able to challenge the Court's pretrial ruling on appeal of [his] motion to suppress evidence if [he] entered into a plea of guilty." (Mot. at 16.) He contends that his counsel should have "adequately informed [him] about

---

[5] Notably, no restitution was ordered in this case. (*See* Letter to Judge Tunheim, Oct. 11, 2019, Docket No. 104.)

conditional pleas" so that he could make a knowing and intelligent decision regarding his plea. (*Id*. at 17.)

A defendant has the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea agreements. U.S. Const. amend. VI; *Missouri v. Frye*, 566 U.S. 134, 140 (2012). To demonstrate ineffective assistance of counsel, Boyd must make two showings: (1) counsel's performance "fell below an objective standard of reasonableness," and (2) counsel's deficient performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

As to the first showing, Barthman must show that – under the circumstances – counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Because "[j]udicial scrutiny of counsel's performance must be highly deferential," Barthman must overcome the strong presumption that counsel exercised reasonable professional judgment. *Id*. at 689.

As to the second showing, Barthman must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* In the context of plea agreements, Barthman must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Barthman's ineffective assistance of counsel claim fails for two reasons. First, he has not shown that his counsel's representation was ineffective. Barthman has not alleged

conditional pleas" so that he could make a knowing and intelligent decision regarding his plea. (*Id*. at 17.)

A defendant has the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea agreements. U.S. Const. amend. VI; *Missouri v. Frye*, 566 U.S. 134, 140 (2012). To demonstrate ineffective assistance of counsel, Boyd must make two showings: (1) counsel's performance "fell below an objective standard of reasonableness," and (2) counsel's deficient performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

As to the first showing, Barthman must show that – under the circumstances – counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Because "[j]udicial scrutiny of counsel's performance must be highly deferential," Barthman must overcome the strong presumption that counsel exercised reasonable professional judgment. *Id*. at 689.

As to the second showing, Barthman must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* In the context of plea agreements, Barthman must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Barthman's ineffective assistance of counsel claim fails for two reasons. First, he has not shown that his counsel's representation was ineffective. Barthman has not alleged

conditional pleas" so that he could make a knowing and intelligent decision regarding his plea. (*Id*. at 17.)

A defendant has the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea agreements. U.S. Const. amend. VI; *Missouri v. Frye*, 566 U.S. 134, 140 (2012). To demonstrate ineffective assistance of counsel, Boyd must make two showings: (1) counsel's performance "fell below an objective standard of reasonableness," and (2) counsel's deficient performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

As to the first showing, Barthman must show that – under the circumstances – counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Because "[j]udicial scrutiny of counsel's performance must be highly deferential," Barthman must overcome the strong presumption that counsel exercised reasonable professional judgment. *Id*. at 689.

As to the second showing, Barthman must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* In the context of plea agreements, Barthman must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Barthman's ineffective assistance of counsel claim fails for two reasons. First, he has not shown that his counsel's representation was ineffective. Barthman has not alleged

that a conditional plea was offered to him. If a conditional plea was not an option, counsel had no reason to offer or explain that choice.

Second, even if Barthman's counsel did render inadequate assistance by not properly informing him of the consequences of his plea, Barthman cannot show that he was prejudiced. The record undermines Barthman's contention that he would not have pled guilty had he known that he was giving up the right to appeal the Court's evidentiary decision because the Court informed him that he was giving up this right at his plea hearing. During the change of plea hearing, the Court explicitly told Barthman: "When you plead guilty, . . . you don't have the right at a later time to challenge the evidence which supports the conviction." (Plea Tr. at 25.) Barthman indicated that he understood and that he had no questions about the rights he was giving up. (*Id*. at 26-27.) Barthman did not seek to withdraw his plea, did not ask the Court to clarify, and did not seek time to talk to his attorney regarding this waiver. If this issue was, as Barthman contends, central to his decision, he could have raised it at the change-of-plea hearing.[6] Accordingly, this argument does not provide a fair and just reason for withdrawing his guilty plea.[7]

---

[6] Again, Barthman argues that "[i]t cannot be said with any certainty that my reasonable misunderstanding of my rights that I waived did not affect my substantial rights within the meaning of Rule 11." (Mot. at 21.) This speculation does not support a finding of prejudice. Barthman bears the burden of proving that there is a reasonable probability that he would not have pled guilty had he received effective assistance.

[7] Barthman also vaguely asserts that his counsel's "failure to investigate possible defenses" was deficient. (Mot. at 20.) Without more, the Court cannot evaluate this claim and it does not support withdrawal of his guilty plea.

### E. Additional Factors

Even if Barthman could show a fair and just reason for withdrawal of his plea, the Court must also consider other factors, including whether he has asserted his innocence, the length of time between the guilty plea and the motion to withdraw it, and prejudice to the United States. *McHenry*, 849 F.3d at 705.

Barthman's motion to withdraw his plea of guilty vaguely asserts that he is "innocent" because he did not possess child pornography "knowingly." (Mot. at 12-13.)[8] But his own words contradict this assertion. While he claims that "there is a very 'reasonable probability' that [he] discovered the contraband and promptly deleted everything [he] was able to find," he does not affirmatively assert that this is so. (*Id.* at 13.) And testimony from the sentencing hearing undermines any "reasonable probability" that he merely deleted, but did not possess, the videos. (*See* Sentencing Tr. at 17-21 (Videos in thumb cache databases "only get there because they have been viewed on the computer at some point in time.").)[9] The Court finds Barthman's unexplained claims of innocence contradictory and incredible. *See United States v. Osei*, 679 F.3d 742, 747 (8th Cir. 2012). This factor does not weigh in favor of granting his motion.

---

[8] "Conclusory assertions of innocence do not warrant an evidentiary hearing." *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992).

[9] Barthman's contentions of innocence are also unsupported by his statement to the Court at sentencing. (*See* Sentencing Tr. at 40-43.) Barthman stated that he "never thought that anybody else would ever be doing anything with any of [his] devices because [he] took care of them all [himself]." (*Id.* at 40.) His only defense was essentially that he would not have been caught if he had done a more thorough wipe of his computer. (*See id.* at 40-41.) He did not claim that his possession of the images and videos was unknowing.

The Court must next consider the length of time between the plea of guilty and the motion to withdraw the plea of guilty. The Eighth Circuit has found that delays of five months and seventh months weigh against withdrawal of a guilty plea. *See United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007) (citing *United States v. Prior*, 107 F.3d 107, 658 (8th Cir. 1997)). Barthman waited nearly two years to seek withdrawal of his guilty plea. This delay weighs heavily against granting his motion.

Finally, the Court must consider whether the United States will be prejudiced if the Court grants Barthman's motion. The United States contends that it would be prejudiced by the extreme delay between entry of Barthman's plea and the present. The United States prepared several witnesses to testify at trial two years ago, including juvenile victims of Barthman's sexual abuse and witnesses with developmental disabilities. The United States contends that part of its motivation in offering Barthman a plea agreement was to spare these witnesses from having to confront their abuser at trial. The Court agrees that requiring these witnesses to testify at this stage would likely cause significant emotional distress. *See Morrison*, 967 F.2d at 269. This factor weighs against granting Barthman's motion.

These additional factors weigh against withdrawal of Barthman's plea. Consequently, even if Barthman could show a fair and just reason to withdraw his guilty plea, the Court would deny his motion.

## IV. EVIDENTIARY HEARING

Barthman has requested an evidentiary hearing on this motion. The Court finds, in its discretion, that a hearing is not warranted because Barthman's allegations are either "inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true." *United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010) (quotation omitted); *see also Morrison*, 967 F.2d at 268.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw his Plea of Guilty [Docket No. 119] is **DENIED**.

DATED: August 15, 2019                  _____s/John R. Tunhiem_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                               Chief Judge
                                          United States District Court