UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ARTHUR BARTHMAN,<br><br>Defendant. | Crim. No. 16-284 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING REQUEST FOR EXTENSION OF TIME** |

---

Craig R. Baune, James S. Alexander, Miranda E. Dugi, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, and Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Brian Arthur Barthman, OID #254195, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* Defendant.

Defendant Brian Arthur Barthman requests an extension of time to file a habeas petition pursuant to 28 U.S.C. § 2254. He alleges he does not have adequate access to the prison law library to complete his petition within the yearlong statute of limitations. Because inadequate library access is not an extraordinary circumstance to justify tolling § 2254's statute of limitations, the Court will deny Barthman's request.

## BACKGROUND

Barthman was convicted of various child pornography and child sexual abuse offenses in state and federal court. *See State v. Barthman*, 938 N.W.2d 257, 264 (Minn. 2020); *United States v.* Barthman, 983 F.3d 318, 319 (8th Cir. 2020). After various appeals,

Barthman was re-sentenced for the state charges on October 10, 2022. *See State v. Barthman*, No. 69DU-CR-15-4576, Index No. 184 at 5 (Minn. D. Ct. Oct. 11, 2022). Barthman did not appeal that resentencing.

The Eighth Circuit issued an opinion, and the Court entered judgment in Barthman's re-sentencing on the federal charge on December 17, 2020. (*See* 8th Cir. Op., Docket No. 157; Am. J. in a Crim. Case, Docket No. 159.) Barthman filed another appeal with the Eighth Circuit in late 2022, which the Eighth Circuit denied as untimely. (*See* Not. of Appeal, Dec. 8, 2022, Docket No. 163; 8th Cir. J., Dec. 16, 2022, Docket No. 167.)

Barthman is incarcerated at the Minnesota Correctional Facility in Stillwater. (Letter at 2, Nov. 15, 2023, Docket No. 169.) He alleges that he has been diligently working on a habeas petition pursuant to 28 U.S.C. § 2254 since he was resentenced in October 2022, but his progress has been limited by insufficient access to the law library. (*Id.* at 1.) Specifically, he claims that staffing shortages have limited him to about one hour per month in the law library, which is insufficient to develop his petition. (*Id.* at 1–2.) He requests an extension of one to two years to file his petition. (*Id.* at 2.)

## DISCUSSION

Those incarcerated pursuant to a state court judgment may seek a writ of habeas corpus from the federal district court if they believe they are in "custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). The procedure for state prisoners to file habeas petitions is outlined by 28 U.S.C. § 2244. Among other limitations, § 2244 establishes a one-year statute of limitations to file a

§ 2254 petition.  28 U.S.C. § 2244(d).  The limitations period begins, as relevant here, on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A criminal defendant in Minnesota has 90 days after sentencing to file an appeal, failing which the judgment becomes final.  *See* Minn. R. Crim. Pro. 28.05 subd. 1.

Section 2254's statute of limitations is subject to equitable tolling.  *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).  The Eighth Circuit has cautioned, though, that equitable tolling should be applied sparingly, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  *Id.* (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002)).  To be entitled to equitable relief, a habeas petitioner must show that they diligently pursued their rights but were prevented from timely filing by "extraordinary circumstances beyond [their] control" or because the state "lulled [them] into inaction."  *Id.* (quoting *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001)).  Under proper circumstances, a court may preemptively toll the habeas statute of limitations before it has run.  *See, e.g.*, *Brown v. Davis*, 482 F. Supp.3d 1049, 1052, 1055 (E.D. Cal. 2020) (preemptively granting a nearly five-month extension).

Limited access to a prison law library does not represent the sort of extraordinary circumstance justifying equitable tolling for a habeas petition.  *See, e.g.*, *Earl*, 556 F.3d at 724–25; *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (no access whatsoever to law library for five months did not warrant equitable tolling of the one-

year limitations period).¹  Accordingly, though the Court understands the difficulties Barthman faces, the Court cannot extend the statutory limitations period for Barthman to submit a petition pursuant to § 2254.  The Court thus cautions Barthman that he must comply with the one-year limitations period to preserve his rights under § 2254.

Barthman mentions only a § 2254 petition, which would challenge his state court conviction.  But because he lists his federal docket number on his letter, the Court will also address the possibility of an extension for a habeas petition under 28 U.S.C. § 2255. Section 2255 governs challenges to federal convictions and also has a one-year statute of limitations.  28 U.S.C. § 2255(f).  The limitations period is likewise subject to equitable tolling.  *See Odie v. United States*, 42 F.4th 940, 944–45 (8th Cir. 2022).  But for the same reasons outlined above, Barthman's letter does not establish sufficient grounds to toll § 2255's one-year limitations period.²

---

¹ *See also Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) ("[T]here is still no freestanding constitutional right to a particular number of hours in the prison law library"); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

² For purposes of this Order, the Court need not, and will not, resolve whether the limitations period for a § 2255 petition has already lapsed.  The Court will nonetheless note that the final judgment was entered in December 2020, and an untimely appeal in 2022 would likely be insufficient to reset the limitations period.  Otherwise, any defendant could reopen their habeas window by simply filling an untimely direct appeal.  The question need not be definitively resolved, though, unless Barthman files a § 2255 petition.

-5-

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Request for an Extension of Time [Docket No. 169] is **DENIED**.

DATED:  December 11, 2023            _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.                JOHN R. TUNHEIM  
                                                              United States District Judge